# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| William Perez, et al., | ) | CASE NO.:  1:13CV50 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Toyota Motor Sales USA, Inc., et al., | ) | |
| | ) | (Resolves Doc. 7) |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter appears before the Court on Plaintiffs' motion to remand (Doc. 7). The Court has been advised, having reviewed the motion, response, reply, pleadings, and applicable law.  For the reasons stated herein, the motion is DENIED.

**I.  Facts**

On December 11, 2012, William Perez, dba Belinda's Bar, filed suit against Defendant Toyota Motor Sales USA, Inc.  In his complaint, Perez alleges that he was driving a 2008 Toyota Highlander when another vehicle "viciously collided" with him.  Perez claims that his front airbag improperly failed to deploy.  Perez alleged that "his injuries are both temporary and permanent partial in nature, that he has suffered great pain in mind and body, mental anguish, and has suffered a diminished enjoyment of life."  Perez also alleged that he had incurred hospital and medical expenses and would incur additional such expenses in the future.

On January 9, 2013, Toyota removed the matter to this Court.  On January 30, 2013, Perez moved to remand the matter.  In his motion, Perez contends that Toyota has

failed to demonstrate that this Court has diversity jurisdiction, specifically arguing that Toyota has failed to demonstrate that the amount in controversy exceeds $75,000. The Court now reviews the parties' arguments.

## II. Legal Analysis

Following removal, a defendant has the burden of proving the elements of diversity jurisdiction. *McCraw v. Lyons*, 863 F.Supp. 430, 432 (W.D.Ky. 1994) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28 (1979)). Generally, "[i]n a federal diversity action, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount." *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). However, where the plaintiff is not required to state a specific amount of damages in the complaint, as in Ohio, the defendant must prove that it is more likely than not that plaintiff's claims meet the federal amount in controversy requirement. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157-58 (6th Cir. 1993).

In support of removal, Toyota relies upon numerous facts. First, Toyota received a pre-suit demand letter from Perez requesting $50,000 to settle the matter. The letter also stated: "Based on the severity and continuing nature of Mr. Perez's injuries, I would anticipate a much higher demand if this were to be filed in Court." Perez contends that these were simply negotiating tactics and cannot support a finding that diversity jurisdiction has been established by a preponderance of the evidence.

However, even if this Court were to set aside that aspect of the letter *in its entirety*, the Court would still find that removal was proper. At the time of removal, Toyota had knowledge that Perez was claiming roughly $10,000 in damage to his vehicle

2

and more than $20,000 in medical expenses. Perez then filed his complaint, seeking damages for both temporary and permanent partial injuries, pain and suffering, and loss of enjoyment of life. Additionally, Perez seeks punitive damages. For that matter, in his motion to remand, Perez admits that a jury could reasonably return a verdict in excess of $75,000. Given those facts, the Court finds that Toyota amply demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### III. Conclusion

Plaintiffs' motion to remand is DENIED.

IT IS SO ORDERED.

Dated: <u>April 15, 2013</u>      <u>   /s/ Judge John R. Adams   </u>
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT COURT